UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                              Case No. 3:20cr146

           Plaintiff,

    v.                                                                      ORDER

Alejandro Salazar,

           Defendant.


On April 23, 2020, then Magistrate Judge James R. Knepp II conducted a detention hearing at the behest of Defendant. After reviewing proposed conditions of release and hearing the arguments of counsel, Judge Knepp denied Mr. Salazar relief, finding that although the law proscribed no presumption for detention, the government had met its burden of convincing him that the Defendant was a risk of flight but more importantly a threat of danger to the community. Accordingly, he was detained. (Doc. No. 9).

In August of 2020, Mr. Salazar filed a motion for review of Judge Knepp's order of detention, (Doc. No. 11), objecting to Judge Knepp's decision, and arguing a change of circumstances – specifically the threat posed to Mr. Salazar due to his detention during the COVID-19 pandemic. The government objects to Mr. Salazar's release and moves for his continued detention.

I treat the motion as a request for release and objection due to Judge Knepp's earlier adverse determination, pursuant to Rule 59 of the Federal Rules of Criminal Procedure, as well as a request for release based upon changed circumstances due to the COVID-19 threat. On August 28, 2020, I

conducted a hearing on Mr. Salazar's request for relief. Counsel for both the government and Defendant proffered evidence and presented argument. Also, at issue were the circumstances surrounding Mr. Salazar's detention, search, and arrest on the current charge. I asked the government to provide me with copies of videos recorded at the time of his arrest, and the government complied.

In reaching my decision here, I have reviewed the transcript of the original hearing before Judge Knepp, the conditions proposed by the Defendant, reports from Pretrial Services detailing Mr. Salazar's history and the nature of the charges, the two videos, and the arguments of counsel.

As noted initially, there is no presumption of detention in this case, but the government has offered evidence and argument to rebut that presumption. My review of the propriety of detention or release is de novo.

Mr. Salazar proposes conditions for release. I find nothing of particular concern about the purposed conditions of release.

With regard to expressed concerns about his acquiring Covid-19 when in custody, I concede there is some risk, but Mr. Salazar has failed to offer any evidence of a comorbidity or some heightened risk of infection or reaction to the virus, should he be infected. Without more, it is simply not enough to justify release in the should my determination by adverse to his ultimate release after appropriate analysis under the Bail Reform Act.

My focus lies, instead, with risk of flight and possible danger to the community, as suggested by the government.

While not an uncommon charge in this Court, the timing of the charge, circumstances of his arrest, and potential sentence give me great pause. Mr. Salazar's criminal history begins at the relatively young age of 17, with serious charges of Felonious Assault and Aggravated Robbery in

violation of Ohio law. Although a juvenile, he was sentenced as an adult to a prison term and subsequently place on parole. He violated his parole and was returned to custody.

Some 15 years after his juvenile charge, in 2011, he was convicted in this Court for felon in possession of a firearm and sentenced to 27 months of incarceration, followed by three years of supervised release. He completed supervised release in early 2017.

Less than one year later, he was charged and then convicted of Kidnapping in the Common Pleas Court of Lucas County, Ohio, and sentenced to a term of two years, with no subsequent supervision. Just over three months past his release from state custody, he was charged with the instant offense.

This pattern is concerning. Mr. Salazar has a lengthy criminal history, obvious knowledge of the prohibition of his possessing a firearm by virtue of his prior conviction in this Court and was a free man for less than four months before allegedly committing the instant offense. All of this weighs against his release as a danger to the safety of the community. His prior history of violent offenses, including Felonious Assault, Aggravated Robbery, and Kidnapping further increase this risk and weigh against his release.

Relatedly, he has previously failed to successfully complete supervision, and has some history of failing to appear as required for court appearances. Additionally, he faces an estimated advisory Sentencing Guideline range of 92-115 months, before any reduction for acceptance or responsibility. Clearly, these circumstances increase the risk of flight should he be released.

Finally, there is the matter of the circumstances of conduct surrounding the arrest. Not only was a firearm found in the vehicle searched by the police, but Mr. Salazar was also in possession of marijuana and with a substance described as crystals in a baggie, presumed to be illegal methamphetamine. I note, though, that there has been no actual testing of those crystals and Mr. Salazar was not charged with possession of such illegal narcotics.

For the reasons I've discussed above, I find the government has overcome any presumption for release by convincing me by a preponderance of the evidence that Mr. Salazar is a flight risk. Additionally, and of greater concern, I find the government has met its burden of proof by clear and convincing evidence that releasing Mr. Salazar would present a danger to the community.

Mr. Salazar's counsel has done a skillful job marshalling proposed conditions of release and making strong arguments for his release. Nevertheless, on balance, my conclusions and findings stand, and the defense has failed to convince me otherwise.

Accordingly, Mr. Salazar's requested release from detention is found not well taken and denied.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge